IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

DEBORAH LAUFER,                          *
                                         *
        Plaintiff,                       *
                                         *
        v.                               *          CV 120-185
                                         *
RUDRA SAI LLC,                           *
                                         *
        Defendant.                       *

---

# O R D E R

---

Presently before the Court is Plaintiff's motion for default judgment.   (Doc. 7.)   Defendant has not appeared, plead, or otherwise defended this action.   For the following reasons, Plaintiff's motion is **GRANTED**.

## I. BACKGROUND

Plaintiff initiated the present action under the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"). Plaintiff seeks a declaratory judgment that Defendant is in violation of the ADA, injunctive relief requiring Defendant be ordered to bring the third-party booking sites it uses into compliance with the requirements set forth in 28 C.F.R. § 36.302(e)(1), and an award of attorney's fees and costs.

On January 20, 2021, Plaintiff moved for entry of default pursuant to Federal Rule of Procedure 55(a). (Doc. 5.) The Clerk thereafter entered default on January 21, 2021. (Doc. 6.) The same day, Plaintiff filed the present motion.

## II. DISCUSSION

### A. Legal Standard

Under Federal Rule of Civil Procedure 55(b), "a court may enter default judgment against a defendant when (1) both subject matter and personal jurisdiction exist, (2) the allegations in the complaint state a claim against the defendant, and (3) the plaintiff shows the damages to which it is entitled." Senn Brothers, Inc. v. Heavenly Produce Palace LLC, No. CV 119-196, 2020 WL 2115805, at * 1 (S.D. Ga. May 4, 2020) (citing Pitts ex rel. Pitts v. Seneca Sports, Inc., 321 F. Supp. 2d 1353, 1356–58 (S.D. Ga. 2004)). Final judgment is appropriate so long as "the pleadings state a substantive cause of action and contain a sufficient basis to support the relief sought." Kennedy v. NILA Invs., LLC., No. 2:19-cv-090, 2020 WL 3578362, at *1 (S.D. Ga. July 1, 2020) (citing Tyco Fire & Sec., LLC v. Alcocer, 218 F. App'x 860, 863 (11th Cir. 2007)).

Further, a "defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact" set forth in the complaint. Surtain v. Hamlin Terrace Found., 789 F.3d 1239, 1245

2

(11th Cir. 2015) (quoting <u>Cotton v. Mass. Mut. Life Ins. Co.</u>, 402 F.3d 1267, 1278 (11th Cir. 2005)); <u>Eagle Hosp. Physicians, LLC. v. SRG Consulting, Inc.</u>, 561 F.3d 1298, 1307 (11th Cir. 2009) ("A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." (internal quotations and citation omitted)). Because Plaintiff's claim is not for a sum certain, default judgment is proper under Federal Rule of Civil Procedure 55(b)(2). See <u>Senn Brothers, Inc.</u>, 2020 WL 2115805, at *2.

**B. Analysis**

    1. <u>Jurisdiction</u>

    Plaintiff's ADA claim arises under federal law.  Therefore, the Court has original jurisdiction of the subject matter of this action pursuant to 28 U.S.C. § 1331.  Venue is proper in the Southern District of Georgia because the public accommodation at issue, Liberty Inn in Waynesboro, Georgia, is located within the Augusta Division of this Court.  Moreover, the Court has personal jurisdiction over the Defendant because Plaintiff served Defendant through its registered agent on December 28, 2020.  (Doc. 4.)

    2. <u>Liability</u>

    First, Plaintiff alleges she "is unable to engage in the major life activity of walking more than a few steps without assistive devices." (Compl., Doc. 1, ¶ 1.)  She must use a wheelchair, cane,

or other support to ambulate. She has "limited use of her hands" and "is unable to tightly grasp, pinch and twist of the wrist to operate" mechanisms. (Id.) Accepting these allegations as true, Plaintiff is an individual with a disability as defined under the ADA. See 42 U.S.C. § 12102 (including walking and performing manual tasks as major life activities).

Plaintiff also alleges Defendant owns and operates the Liberty Inn, which is a place of public accommodation as defined by 28 C.F.R. § 36.104. Thus, Defendant is required to comply with the ADA. See 28 C.F.R. § 36.201 ("No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any private entity who owns, leases (or leases to), or operates a place of public accommodation."). More specifically, 28 C.F.R. § 36.302(e)(1) provides:

> A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations made by any means, including by telephone, in-person, or through a third party—
> (i) Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;
> (ii) Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs;

4

(iii) Ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;

(iv) Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; and

(v) Guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others.

Plaintiff alleges Defendant uses third-party booking sites, which contain online reservation systems.[1] Prior to the filing of this lawsuit, Plaintiff claims she visited the websites on multiple occasions for the purpose of assessing the accessibility features of the property and to ascertain whether the sites met her accessibility needs and the requirements of 28 C.F.R. § 36.302(e)(1).   (Compl., ¶ 10.)   Plaintiff was unable to do so because Defendant failed to comply with the requirements set forth in Section 36.302(e)(1).  She asserts the third-party booking sites "did not identify or allow for reservation of accessible guest rooms and did not provide sufficient information regarding accessibility at the hotel."  (Id.)  Plaintiff also asserts that she revisited the booking sites after the complaint was filed and intends to revisit them in the near future.

---

[1] The booking sites are located at: www.expedia.com; www.orbitz.com; www.agoda.com; www.cheaptickets.com; and www.travelocity.com.

There is no evidence in the record that Defendant has since brought the booking sites into compliance with Section 36.302(e)(1). "Thus, there appears to be a '100 percent likelihood that Plaintiff will suffer the alleged injury again when [she] returns.'" Kennedy, 2020 WL 3578362, at *3 (quoting Houston v. Marod, 733 F.3d 1323, 1337 (11th Cir. 2013)).

Accepting the well-pleaded allegations of the Complaint as true, Plaintiff has established: (1) she is a disabled individual; (2) Defendant operates a place of public accommodation; and (3) Defendant discriminated against Plaintiff within the meaning of the ADA. See Norkunas v. Seahorse NB, LLC, 444 F. App'x 412, 416 (11th Cir. 2011). Thus, Plaintiff has demonstrated that she is entitled to injunctive relief under the ADA.

### 3. Attorney's Fees and Costs

With respect to attorney's fees and costs, the ADA provides:

> In any action or administrative proceeding commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs, and the United States shall be liable for the foregoing the same as a private individual.

42 U.S.C. § 12205. Accordingly, the Court will exercise its discretion and award attorney's fees and costs in an amount to be determined.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion for default judgment is **GRANTED**. The Court finds Defendant is in violation of Title III of the ADA, 42 U.S.C. § 12181 *et seq* and 28 C.F.R. § 36.302(e)(1), and injunctive relief is proper. Defendant is **ORDERED** to bring its third-party booking sites into full compliance with Section 36.302(e)(1) and to implement a policy to monitor and maintain its postings on third-party booking sites to ensure its posts remain in compliance. Defendant shall comply with all provisions of this Order within **four (4) months** from the date of entry of this Order.

Upon resolution of the attorney's fees and costs issue, the Court will enter judgment in favor of Plaintiff and against Defendant. Plaintiff is instructed to file its application for attorney's fees and costs within **fourteen (14)** days hereof. The Clerk shall **TERMINATE** Rudra Sai, LLC. as a defendant in this matter.

**ORDER ENTERED** at Augusta, Georgia, this 26th day of January, 2021.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA